[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

FEB 1 0 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Christopher Foster

(Enter above the full name of the plaintiff or plaintiffs in this action)

vs.

City of Chicago
Gary McCarthy
Detective Walsh (#9004)
Detective Saviano

1:17-cv-1106
Judge Robert M. Dow, Jr.
Magistrate Judge M. David Weisman
PC1

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

CHECK ONE ONLY:

_____ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code (federal defendants)

✓ OTHER (cite statute, if known) Count 1) Unneccessary use of Force (§1983) Count 2) Failure to Intervene (§1983)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

Count 3) Deliberate indifference/medical needs (§1983)
Count 4) Tort - Assault & Battery
Count 5) Tort - Negligence
Count 6) Vicarious/supervisory Liability for Torts
Count 7) Failure to Train/inadequate policy.
Count 8) Indemnification.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I. **Plaintiff(s):**

    A. Name: Christopher Foster

    B. List all aliases: n/a Christopher Wallace, (when I was a juvenile)

    C. Prisoner identification number: 2015-0402301

    D. Place of present confinement: Cook County Dep't of Corrections

    E. Address: 2700 S. California Blvd, Chicago, IL 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A. Defendant: City of Chicago

        Title: A municipal Corporation

        Place of Employment: City of Chicago

    B. Defendant: Gary McCarthy

        Title: Superintendent of Police

        Place of Employment: City of Chicago

    C. Defendant: Detective Walsh

        Title: Detective – 15th District – Chicago Police Dep't

        Place of Employment: City of Chicago

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

II: List all Defendants. (Continued).

D: DEFENDANT: Detective Saviano
TITLE: Detective, 15th District, Chicago Police Dep't
PLACE OF EMPLOYMENT: City of Chicago.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

    A. Name of case and docket number: __N/a__

    B. Approximate date of filing lawsuit: __N/A__

    C. List all plaintiffs (if you had co-plaintiffs), including any aliases: __N/A__

    D. List all defendants: __N/A__

    E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): __N/A__

    F. Name of judge to whom case was assigned: __N/A__

    G. Basic claim made: __N/A__

    H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): __N/A__

    I. Approximate date of disposition: __N/A__

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

### Introduction

1. This action arises out of violations of the 4th and 14th amendments to the U.S. Constitution, where, officers Walsh and Saviano of the Chicago Police Dep't used excessive force on to the plaintiff, failed to intervene, and were deliberately indifferent to his serious medical needs by refusing to provide him medical treatment. Plaintiff further seeks official capacity claims against the City of Chicago and the Superintendent of Police for failure to adequately train officers on the use of force and a defficient policy on the use of force. Plaintiff also seeks tort claims for negligence and assault and battery against the officers and vicarious liability/Respondeat Superior claims against the Superintendent for the actions of the officers with respect to the tort claims. Finally Plaintiff seeks indemnification against the City of Chicago.

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## Facts

2. On or around 4/1/2015, Plaintiff Christopher Foster was at his girlfriends apartment at 4907 W. Iowa 1st Fl. Chicago, IL, 60644

3. Officers Walsh, Saviano and various other Chicago Police Personnel executed a search warrant upon the apartment of which Foster was the target of. The warrant authorized for the search of the apartment and Foster for Firearms.

4. While executing the warrant, officers breached the apartment.

5. Officer Saviano accosted Foster in his girlfriends at gun point. Foster raised his arms and pleaded to the officer to not hurt him.

6. Saviano violently slammed Foster on to the floor, and shouted out loud, "he's in here".

7. Saviano twisted Fosters hands while handcuffing him and tightened them to the point of extreme pain - Foster begged the officer to loosen the handcuffs, Saviano responded "shut the fuck up".

8. Officer Walsh entered the room and stated "you better have something real good for us" - "You better give me something".

9. Foster stated he doesn't know anything. Walsh responded by kicking Foster upon the torso and back and slammed Fosters head on the ground. After the repeated kicks, ofc. Saviano picked up Foster by the handcuffs, dragging him to the bedroom door causing extreme pain.

10. Saviano failed to intervene during the assault.

11. Walsh failed to intervene while Saviano dragged Plaintiff by the handcuffs.

12. While enroute to the Station, Foster asked to go to the hospital for his injury. An unknown female officer said. "I'll notify the detectives.

13. While at the Station Foster was interviewed by walsh, Saviano and homicide detectives. Walsh was insisting that Foster give up "something — a body" (a.k.a. murder) or "some wieght" (large quantities of drugs). or a house to raid. "give us a house to raid, and we'll get a no name search warrant".

14. Foster said he didn't know of anything to give the detectives. He did ask for medical attention. They stated "give us something and we'll give you something... sleep on it". before they walked out, Foster told them he has a severe asthma problem — they proceeded to walk off — walsh

Stating "sleep on it" while leaving Foster handcuffed to the wall for hours. So long that Foster had to urinate in a ~~water~~ water bottle.

15. When they came back they said "you got something?" Foster replied "no". When Walsh saw the water bottle with urine in it — he slapped Foster and stated "I should make you drink that".

16. Foster asked for medical attention again, upon which they said — you'll have to stay in the station for 3 more days if you want that, just tell the county jail.

## Count I:

## Unneccessary Use Of Force Against Officers Walsh And Saviano

17. Plaintiff incorporates by reference Para. 1-16, as though fully set forth in this Count 1.

18. Officer Saviano used excessive, unneccessary force upon Plaintiff by violently slamming him on the floor, twisting his hands and tightening the cuffs to the point of extreme pain, picking him up by the wrists after Walshes assault and dragging Foster to the bedroom door causing unbearable pain.

19. Walsh used excessive, unnecessary force upon Foster by kicking the already handcuffed plaintiff upon the torso and back and slamming his head upon the ground, and slapping him at the station - all of which caused extreme pain.

20. Their actions were meant to inflict bodily harm and did not serve any legitimate law enforcement purpose.

## Count II:

### Failure To Intervene Against Officers Walsh And Saviano

21. Plaintiff incorporates by reference Par. 1-20, as though fully set forth in this count II.

22. Walsh failed to intervene when witnessing Saviano drag plaintiff by the handcuffs, knowing that allowing Saviano to do it would cause substantial injury.

23. Saviano failed to intervene when witnessing Walsh repeatedly kick plaintiff upon the torso and back, slamming his head on the ground, while the compliant plaintiff was handcuffed.

## Count III

### Deliberate Indifference To Serious Medical Needs Against Walsh & Saviano

24. Plaintiff incorporates by reference Para. 1-23, as though fully set forth in this count III.

25. Saviano and Walsh failed to provide medical attention to Plaintiff, knowing he incurred serious bodily harm from the assault and also knowing by Foster's repeated requests for medical attention. Instead, the officers used his need for medical attention as a bargaining chip to gain information or leads on other crimes.

## Count IV

### State Law Tort Claim For Assault & Battery Against Officers Walsh & Saviano

26. Plaintiff incorporates by reference Para. 1-25 as though fully set forth in this count IV.

27. Officer Walsh knowingly and intentionally inflicted bodily harm upon Foster while he was handcuffed for the purpose of inflicting pain and injury. His actions were willful, deliberate, and with callous reckless disregard for plaintiffs physical integrity.

28. Officer Saviano knowingly and intentionally inflicted bodily harm upon Foster by violently slamming him on the floor, handcuffing him too tightly and dragging him by the handcuffs for the sole purpose of inflicting bodily harm and pain, his actions willful, deliberate and with callous reckless disregard for plaintiffs physical integrity.

29. The officers are liable for assault and battery.

## Count V

## State Law Tort Claim For Negligence Against Officers Walsh & Saviano

30. Plaintiff incorporates by reference para. 1-29 as though fully set forth in this count 5.

31. Walsh and Saviano are duty bound to exercise due care to a detainees health and safety when effectuating an arrest or execution of a search warrant. They knowingly and intentionally breached that duty of care with callous, reckless disregard for his health and safety.

## Count VI

### Vicarious/Supervisory Liability Against City Of Chicago And Gary McCarthy For Assault & Battery And Negligence

32. Plaintiff incorporates by reference para. 1-31 as though fully set forth in this count 5.

33. Per Illinois Law 55 ILCS         , Supervisors and the City of Chicago are liable for the actions or inaction of their personnel as if it was their own actions or inactions

## Count VII

### Failure To Properly Train Officers On The Use Of Force Against Gary McCarthy And The City & Failure To have Adequate Policies

34. Plaintiff incorporates by reference para 1-33 as though fully set forth in this Count 7.

35. The city and CPD Superintendent failed to adequately train officers Walsh and Saviano on the use of force when effectuating an arrest. The officers used force which was not neccessary to complete an arrest and their conduct alone establishes the lack of a policy and lack of enforcement of such a policy and a gross lack of training.

## Count VIII

### Indemnification Against The City of Chicago

36. Plaintiff incorporates by reference para. 1-35 as though fully set forth in this count 8.

37. The city of Chicago is the Indemnifying entity for the actions or inactions of the officers described above. Should the officers be found liable for 1 or more of the claims set forth herein — Plaintiff demands that the city be found liable for any damages incurred thereon.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1: Compensatory Damages, 2: Punitive Damages.
3: Any Damages that may become known to Plaintiff in the future.

The amounts shall be disclosed at a later date.

VI. The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 25 day of Jan, 20 17

Christopher Foster
(Signature of plaintiff or plaintiffs)

Christopher Foster
(Print name)

#2015-0402301
(I.D. Number)

Cook Co. Dep't of Corr.
2700 S. California Blvd.
Chicago, IL 60608
(Address)